[No. 13092.   In Bank. —July 2, 1889.]

WILLIAM GREEN, RESPONDENT, v. WILLIAM Mc-MANN, RESPONDENT, AND G. DE LUCCA ET AL., APPELLANTS.

APPEAL— DISMISSAL — DEFECTIVE TRANSCRIPT. — When the transcript on appeal contains a large number of written erasures, alterations, and marginal corrections, and is not printed on such paper and in such form as the rules require, and is not certified as required by law (the certificate merely stating that the transcript is correct, without stating in terms that the papers are correct copies of the originals on file, and without stating that the erasures, interlineations, and alterations were made before the certificate was given), and if the copy served did not contain most of the corrections made in the original, the appeal will be dismissed for want of a sufficient certificate to the transcript, and for want of service of a substantially correct copy on the respondent.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

Motion to dismiss appeal.

*A. D. Splivalo,* for Appellants.

*Mitchell & McPike,* for Respondent.

McFARLAND, J. — Respondent moves to dismiss the appeal herein on seven different grounds, each of which is entitled to consideration. We will notice a few of them.

1. The first is, that the transcript is not a *printed* transcript within the meaning of rule 2 of this court. The facts with reference to this point are, that although the original transcript is mainly in print, it contains a large number of erasures and twenty-three corrections and alterations in writing, — some between the printed lines, and others on the margin; and, in addition, there are certain capital letters scattered along the margin which, on their face, are of uncertain meaning. Of course, it would be allowable to thus correct one or two typographical errors in a printed transcript, but the condition in this respect of the transcript in the case at bar is beyond the reach of clemency.

2. The second ground is, that the transcript — not considering the erasures and written matter — is not printed on paper of the size required by the rule, and has no blank fly-sheet cover, etc., as the rules require. The facts on this point are as stated by respondent.

3. The third ground is, that the transcript is not certified as required by law. The facts on this point are: 1. That the certificate merely states that the "transcript is correct," and does not state in terms that the papers are correct copies of the originals on file; and 2. That it does not state that the erasures, interlineations, and alterations were made before the certificate was given.

4. The fourth ground is, that "the transcript contains so many errors and corrections as to have become unintelligible." It is difficult to say whether an inspection of the transcript establishes this allegation or not; it certainly tends strongly in that direction.

5. The fifth ground is, that "no copy of the transcript has been served upon this respondent, or his attorneys."

The facts on this point are, that the copy served contained only four of the corrections on the original transcript,— one of them being a paster.

The other grounds go rather to the merits of the appeal, and we do not care to discuss them here.

We have noticed the grounds of the motion in detail, not because each of them in itself would furnish sufficient reason for dismissing the appeal, but to show the general situation of the case, as bearing on the discretion (if there be room for discretion) which this court should exercise in the premises. We think that the motion to dismiss should be granted upon at least the third and fifth grounds stated. Waiving the question whether or not a general statement that the " transcript is correct " is sufficient in a clerk's certificate, it is clear that in this instance the certificate should have shown that the numerous erasures, interlineations, marginal writings, etc., were in the transcript when the certificate was given. Any other rule would subject a record to most dangerous alterations and mutilations. And again', no matter under what circumstances the changes were made, it is apparent that no substantially correct copy of the transcript was served on respondent. For these reasons the motion is granted.

Appeal dismissed.

SHARPSTEIN, J., WORKS, J., PATERSON, J., and BEATTY, C. J., concurred.

THORNTON, J. — I concur in the judgment, on the ground that no copy of the transcript was served.

Rehearing denied.